UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.B., a minor child, individually and by and through her GUARDIAN AD LITEM, JOANNA BARRIOS, and JOANNA BARRIOS, an individual,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>GARFIELD BEACH CVS, LLC, et al.,<br><br>　　　　Defendants. | Case No.  1:19-cv-00507-AWI-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR APPROVAL OF MINOR'S COMPROMISE**<br><br>(Doc. No. 11) |

On July 29, 2020, Plaintiff K.B., a minor child, individually and by and through her guardian ad litem Joanna Barrios, and Joanna Barros ("Plaintiffs") filed a copy of a petition previously filed in state court approving a compromise with Defendant Garfield Beach CVS, LLC ("Defendant") pursuant to Local Rule 202(b)(1).  (Doc. No. 57.)  The petition was not set for hearing and the matter was taken under submission. Local Rules 202(b)(1), 230(g).

Having considered the petition, the terms of the settlement, and the record in this matter, the Court finds that the proposed settlement agreement is fair and reasonable.  For the reasons that follow, the Court RECOMMENDS that Plaintiffs' Petition for Compromise of Disputed Claim of Minor be APPROVED and GRANTED.

**I.   FACTUAL BACKGROUND**

Plaintiffs initiated this action on February 26, 2019, in the Superior Court of California for the County of Tulare. (Doc. No. 1.) The matter was removed to this Court on April 19, 2019. (*Id.*) The complaint asserts claims for medical malpractice and negligent infliction of emotional distress arising

1

out of Defendant providing Plaintiff K.B., a minor, with the wrong dosage of a prescription medication, Adderall or the generic substitute. (*Id.*) On February 27, 2019, the state court appointed Joanna Barrios as K.B.'s guardian ad litem. (*Id.*) On June 15, 2020, Plaintiffs filed a Petition to Approve Compromise of Disputed Claim of Minor with the state court. (Doc. No. 11.) The state court approved the petition on June 30, 2020, and ordered the settlement proceeds payable to Plaintiff K.B. to be deposited into a blocked account. (Doc. Nos. 11-1, 11-2)

**Terms of Settlement**

Defendant has agreed to pay $27,500.00 to settle this action. According to the petition, $10,264.86 of this amount is apportioned to counsel for Plaintiff, representing $9,157.50 in attorneys' fees and $1,107.36 in costs, $2,530.35 is apportioned to reimbursement to Medi-Cal in satisfaction of its lien rights for medical expenses, and $14,704.79 is apportioned to the minor Plaintiff. The state court has ordered that K.B.'s portion of the settlement funds be deposited in an interest-bearing, federally insured blocked account and no withdrawals of principal or interest to be made without a written order from the state court.

## II.   DISCUSSION

### A.  Relevant Standards

No compromise or settlement of a claim by a minor is effective unless it is approved by the Court. Local Rule 202(b). In actions in which the minor is represented by an appointed representative pursuant to appropriate state law, the settlement or compromise must first be approved by the state court having jurisdiction over the personal representative. Local Rule 202(b)(1). Following such approval, a copy of the order and all supporting and opposing documents filed with the state court shall be filed with this Court. *Id.* The Court may either approve the settlement or compromise without hearing or calendar the matter for hearing. *Id.* Additionally, when, as here, the minor is represented by an attorney, the representation must be disclosed to the Court, including the terms of employment and whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, whether the attorney stands in any relationship to that party, and whether the attorney has received or expects to receive any compensation, from whom, and the amount. Local Rule 202(c).

Federal Rule of Civil Procedure 17(c) also imposes on district courts a special duty to safeguard the interests of litigants who are minors. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the context of proposed settlements in suits involving minor plaintiffs, the district court's special duty requires it to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). However, in *Robidoux,* the Ninth Circuit cautioned that this inquiry "requires only that the district court consider whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel." *Id.* at 1182 (holding that district court erred in denying settlement based solely on the proportion of the settlement going to plaintiffs' counsel).

**B.  Analysis**

Here, the petition explains that K.B. is a 7-year-old female suing through her guardian ad litem and parent, Joanna Barrios. The causes of action to be compromised are: 1) medical malpractice; and 2) negligent infliction of emotional distress. On or about September 18, 2017, Joanna Barrios filled K.B.'s prescription for Adderall (or the generic substitute) with Defendant and Defendant provided the wrong dosage of the prescription. Specifically, Defendant provided K.B. with 30 mg capsules, when the prescribing physician only prescribed 5 mg capsules. K.B. ingested the 30 mg capsules on September 19, 2017, causing immediate and severe physical and mental injuries which required emergency care. K.B.'s injuries included tachycardia, vomiting, nausea, hallucinations, and trouble breathing, as well as significant pain and emotional distress. She received medical care from Sierra View Medical Center and Kaweah Delta Health Care Clinics and her medical expenses totaled $6,849.73. K.B.'s medical expenses were paid by Med-Cal. In full satisfaction of its lien rights, Medi-Cal agreed to accept reimbursement in the amount of $2,520.35. K.B. has recovered completely from the effects of her injuries and there are no permanent injuries.

Plaintiffs are represented by attorneys D. Aaron Brock, Timothy J. Gonzales, and Sean T. Cook of Brock & Gonzales, LLP. Plaintiffs' attorneys were first retained in approximately September of 2017 and they have represented Plaintiffs through the pendency of this case. The retainer agreement provides for a contingency fee of 40% but Plaintiffs' attorneys have voluntarily reduced

3

their fee and seek a contingency fee of 33 and 1/3 % of the recovery. Plaintiffs' attorneys have advanced all costs in connection with this action. Counsel represents that they did not become involved in this matter at the instance of any party against whom the causes of action are asserted and they have not received any compensation for their services to date.

On June 30, 2020, the state court approved Plaintiffs' petition. (Doc. No. 11-1.) Having considered the petition and relevant state court documents, the Court finds that the total settlement amount of $27,500.00 and the distribution of $14,704.79 to the minor Plaintiff to be fair and reasonable in light of the facts of the case and the minor's specific claims. Additionally, the state court has ordered the settlement funds payable to K.B. to be deposited in to a blocked account, with proof of deposit to be filed with the state court. (Doc. Nos. 11-1, 11-2.) Thus, the method of disbursement of the settlement likewise appears fair and reasonable. Accordingly, the Court will recommend approval of the petition.

### III.     CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS as follows:

1.     Plaintiffs' petition for approval of minor's compromise (Doc. No. 11) be GRANTED, and the terms of the settlement, including payment of attorneys' fees, costs, and medical expenses, be APPROVED as fair and reasonable;

2.     Within fourteen (14) days of entry of an order adopting these findings and recommendations, Plaintiffs be directed to file with this Court proof of deposit of the $14,704.79 distribution to K.B. in a blocked account pursuant to the state court's order (Doc. No. 11-2); and

3.     The parties be directed to file appropriate papers to dismiss or conclude this action in its entirety within twenty-one (21) days of submission of proof of deposit.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on

appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __August 21, 2020__                    /s/ *Barbara A. McAuliffe*
                                                                   UNITED STATES MAGISTRATE JUDGE